# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TIM VARELA, SR., | ) |
| Appellant, | ) Case No.: 2:15-cv-02497-GMN |
| vs. | ) |
| | ) **ORDER** |
| WELLS FARGO BANK, N.A., | ) |
| Appellee. | ) |

Pending before the Court is the Emergency Motion to Stay Foreclosure Pending Appeal (ECF No. 6), Emergency Motion for Waiver of Payment of Any Bond (ECF No. 7), and Emergency Motion to Extend Time to File Appellant's Opening Brief (ECF No. 5). Appellant Tim Varela, Sr. ("Appellant") moves this Court to stay foreclosure of his primary residence pending appeal. (Mot. Stay 1:21–26, ECF No. 6).

Pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(A), "a party must move first in the bankruptcy court for the following relief...a stay of a judgment, order, or decree of the bankruptcy court pending appeal." If the request is instead made directly to the court where the appeal is pending, the moving party must show "that moving first in the bankruptcy court would be impracticable," or "if a motion was made in the bankruptcy court" must "state the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2).

A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked. "The reason for requiring that the initial application be made to the Bankruptcy Court is obvious. … The reviewing court should have the benefit of the learning of the lower court," which is more familiar with the parties, facts and legal issues. *In re MSR Resort Golf Course, LLC*, No. 11-10371 (SHL), 2013 U.S. Dist. LEXIS 29065, at *4–5, 2013

WL 766166 (S.D.N.Y Feb. 26, 2013); *In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2nd Cir. 1997) ("Having elected not to present this Motion to the trial court, the Debtors have denied this Panel the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency."). "If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter." *In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012). "Thus, district courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained." *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014).

Here, Appellant argues that it would be impracticable to first raise the instant Motion to Stay before the Bankruptcy Court. (Mot. Stay 2:2–3:16, ECF No. 6). Specifically, Appellant bases this impracticability on a perceived bias on behalf of the Bankruptcy Court. (*Id.*). The Court finds that Appellant's arguments regarding a perceived bias on behalf of the Bankruptcy Court are insufficient to show that moving first in the Bankruptcy Court is impracticable. Accordingly, Appellant must first raise his instant Motion to Stay before the Bankruptcy Court.

**IT IS HEREBY ORDERED** that the Emergency Motion to Stay Foreclosure Pending Appeal (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Emergency Motion for Waiver of Payment of Any Bond (ECF No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Emergency Motion to Extend Time to File Appellant's Opening Brief (ECF No. 5) is **GRANTED**. Accordingly, Appellant shall have until February 21, 2016 to file his Opening Brief.

**DATED** this __3__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge