# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIM VARELA, SR., | ) | |
| | ) | |
| Appellant, | ) | Case No.: 2:15-cv-02497-GMN |
| vs. | ) | |
| | ) | **ORDER** |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

In this bankruptcy appeal, Appellant Tim Varela, Sr. ("Appellant") seeks review under 28 U.S.C. § 158(c)(1) of the following orders entered by the Honorable Bruce T. Beesley of the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"): (1) an order denying Appellant's objection to Appellee Wells Fargo Bank, N.A.'s ("Appellee") proof of claim; and (2) an order granting Appellee's motion for relief from automatic stay. Additionally, Appellant seeks a pronouncement that Judge Beesley committed error by failing to recuse himself pursuant to 28 U.S.C. § 455.

A bankruptcy court's resolution of an objection to a proof of claim is reviewed for abuse of discretion. *Bitters v. Networks Elec. Corp.*, 195 B.R. 92, 96 (9th Cir. BAP 1996). Additionally, a district court reviews a bankruptcy court's order to lift an automatic stay under 11 U.S.C. § 362 for an abuse of discretion. *See In re Mac Donald*, 755 F.2d 715, 716 (9th Cir. 1985) ("A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion.").

"An abuse of discretion occurs when no reasonable person could take the view adopted by the court." *Konop v. Hawaiian Airlines, Inc.*, 386 B.R. 251, 257 (D. Haw. 2008). In applying the abuse of discretion test, the reviewing court must first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United

*States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).  If the bankruptcy court applied the wrong legal standard, it abused its discretion. *Id.*  If the bankruptcy court identified the correct legal rule, the court must then determine whether the bankruptcy court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support. *Id.*

Here, the Court has reviewed the parties' briefing, the orders at issue, and the transcript from the hearing on the motions at issue.[1]  Based on this review, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Appellant's objection to Appellee's proof of claim or granting Appellee's motion for relief from automatic stay.[2]  Moreover, the Court finds that Judge Beesley did not commit error by failing to recuse himself.

**IT IS HEREBY ORDERED** that the Order Denying Appellant's Objection to Appellee's Proof of Claim is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Order Granting Appellee's Motion to Lift Automatic Stay is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Appellee's Ex Parte Motion for Order Shortening Time for Hearing on Debtor's Emergency Motion to Stay Foreclosure Pending Appeal is **DENIED as moot**.

**DATED** this __3__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] The Court takes judicial notice of the docket for *In re: Varela*, No. 2:14-bk-18161 (Bankr. D. Nev. Dec. 12, 2014).

[2] Appellant presents bizarre, unsupported allegations that he cannot recall key events because he was "drugged by a Colombian prostitute family living in Katy, Texas to Santa Rosa De Cabal, Colombia," and he "still suffers from the effects." (Opening Br. 6:22–27, ECF No. 10).  Moreover, Appellant believes, without factual support, that Appellee Wells Fargo was behind the alleged drugging. (Tr. 6:13–14, ECF No. 110 of Bankr. Docket).